Deaderick,. J.,
delivered the opinion of the Court-
In 1854, Harris, Black, Norton & Bailey, and the complainant Champlin, made a contract with the defendants for the construction of eighty miles of their-road.
*684 On the 24th of January, 1855, by contract with four of the five contracting parties who had undertaken to build the road, they surrendered all rights ¡and interests in the contract to the defendants,— Champlin alone refusing to surrender the contract,— and he and defendants, under the style of Champlin & Co., proceeded in the construction of the work, until the 8th of December, 1855. Champlin, for the consideration of sixty thousand dollars, ($60,000), transferred to the defendants all his interest, being one-fifth, in the contract of said Harris, Black & Co. with the Railroad Company.
As part of the said sum of sixty thousand dollars, ($60,000), the defendants executed their promissory note to Champlin for five thousand dollars, ($5,000), due twelve months after date. The note was not paid at maturity, but was protested for non-payment, having been endorsed by Champlin to Champlin & Smith before maturity. Upon this note an action at Law was commenced in 1857, in the Common Law and Chancery Court of the City of Memphis.
A declaration, in debt, was filed in April, 1859. Pleas in short, by consent, were filed, of “payment,” '“set-off,” and “failure of consideration,” and the cause by consent was transferred to the Equity side of said Court) and at the sanie Term, (April, 1859), an order of reference was made, by consent of the parties, in which it is directed that “the matters of controversy herein be referred to the Clerk and Master of this Court, and that he take proof as to the same, and also as to any equity, debts, or demands of any kind *685 whatever, wbieb tbe defendants may have against the plaintiffs or either of them, which may be the subject of set-off, suit, or cross action either at Law or Equity, by reason of the fraud of the plaintiffs, or either of them, or otherwise; also that he take proof and report at the same time, as to the validity of said $5,000 note, upon which this action was originally brought in the Law side of this Court, and the Master will report to next Term.”
The account was finally taken under the foregoing order and renewals thereof, and report filed on December the 3rd, 1860, showing the amount of twenty-seven thousand, seven hundred and forty-eight dollars, ($27,748), including interest up to the 8th of December, 1859, due defendants from Champlin. This, large indebtedness is reported by the Master to have arisen from false and erroneous entries made upon the-books of Champlin & Co. by complainant Smith, who was acting as clerk and kept said books.
Upon the affidavit of the solicitor for complainants, the report of the Master was set aside at the April Term, 1860, and was re-committed to him to hear further proof and report.
On October the 4th, 1860, the Master made his report; the complainants excepted to said report, and on argument the exceptions were overruled on the-2nd day of January, 1867, and a decree was rendered confirming the report and rendering a decree against complainants for the aforesáid sum of twenty-seven thousand, seven hundred and forty-eight dollars, ($27,748), with interest thereon from the 1st of December, 1859, *686 to the time of the rendition of the decree, amounting to thirty-nine thousand, five hundred and forty dollars, ($39,540).
The cause is brought into this Court for revision by writ of error.
We are of opinion that the parties having elected to treat the “pleadings in short” as valid and effective pleas, the Court must hold them as sufficiently and fully making the defenses appropriate to each plea named; and after the transfer of the cause to the Equity side of the Court and the order of reference to the Master, made by consent of the parties, it was competent for the Clerk and Master to report any facts that showed a right of action in the defendant against the plaintiffs or either of them, and .to found his report thereon. It is objected to the rendition of any decree against Smith, that the report of the Master ascertains no indebtedness against him, but against Champlin only, and that the proof shows that Smith was not a partner of Champlin.
We do not think that the record does establish the existence of any partnership between the complainants ih the contract for construction with the Railroad Company, and that the decree below, in declaring such partnership to exist between them, was erroneous; but we are satisfied that the complainants confederated to defraud the said Railroad Company, and are jointly liable to account for the amount which the proof may show that they received from the Company to be applied in payment of estimates to contractors, which was appropriated by them to their own use. It seems *687 the money paid for construction and other necessary expenditures under the contract with Champlin & Co., was paid to him and to Smith; that Champlin was the active manager, who received the money for disbursement, and Smith the accountant, who also sometimes received money from the Company and whose business it was to keep an account of receipts and disbursements. His books show conclusively, by false entries, that he was engaged in aiding to cover up the evidence of the misappropriation of the money paid by the Company to be paid over to sub-contractors on the work. In addition to the intrinsic evidence of fraud which the books kept by Smith furnish, several witnesses, who were sub-contractors, expressly disprove the payment of large sums of money which he pretends to have paid. And the accounts of others furnished by the books, show that no such sums were due or paid to them, as he has oharged to the Company, and credited to Champlin & Co. as thus appropriated.
The decree of the Chancellor was therefore correct in holding the complainants . jointly liable, as the jive thousand dollar ($5,000) note, the last of the sixty thousand dollars ($60,000), agreed to be paid to Cham-plin, was procured by the fraudulent conduct of the complainants.
But we are of opinion, that there is not sufficient evidence to charge the complainants with the $5,000 alleged to have been paid to Jones & Brooks the 16th of July, 1855. Elijah Brooks proves that on that day one payment of $5,000 was made to him and *688 Jones by J. D. Champlin & Co., and it does not satisfactorily appear that an additional $5,000 was entered into the charges against the Company, as paid to; them. The report will therefore be modified by deducting this charge of $5,000 and the interest.
The complainants insist that the Chancellor has erred in the computation of interest against' them. The Master in stating the account, calculated interest upon the sums found against the complainants up to the 1st of December, 1859. The decree was rendered confirming the report of the 2d of January, 1867, and was for the aggregate sum of the principal and interest to the 1st of Deeenrber, 1859, with interest thereon from December the 1st, 1859, to- the time of the rendition of the decree. This was erroneous.
The report of the Master has not the effect of a judgment or decree without confirmation. The Master calculates interest in proper cases for its allowance, with a view to the action of the Court upon his report at the Term to which it is made. If the report is not then confirmed, the Master should again calculate the interest upon the principal from the time it falls due up to the time of confirmation, and the decree should be rendered for the principal, and the interest which has accrued upon the principal.
By the decree of the Chancellor, interest is given not only upoD the principal but also upon interest.
'With the modifications indicated, the Chancellor’s decree will be affirmed, and the costs will be paid, one-half by complainants and the other half by defendants.